# BURSOR & FISHER
P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

April 22, 2021

*Via ECF*

The Honorable Judge Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, Ny 10007

Re:     *Carpenter v. Tula, Inc.,* Case No 1:21-cv-01856(LGS)

Pursuant to the Court's March 11, 2021 and March 30, 2021 Orders (Dkt. Nos. 5, 10), Plaintiff Tammy Carpenter ("Plaintiff") and Defendant Tula Life, Inc. ("TULA" or "Defendant") hereby submit this joint letter in advance of the initial status conference on April 29, 2021. The parties also attach the proposed completed Civil Case Management Plan and Scheduling Order (the "Proposed Order")

The conference call dial-in information for the April 29, 2021 status conference is as follows:

> Telephone: 925-319-4323
> Passcode:   73343

I.      **NATURE OF THE ACTION AND PRINCIPAL DEFENSES**

In the Class Action Complaint filed on March 3, 2021 (Dkt. No. 1), Plaintiff on behalf of a nationwide class and/or New York State subclass, alleges false and misleading marketing of Tula Skincare Cosmetics (the "Products").  Compl. ¶ 1.  Plaintiff alleges that Defendant markets and sells the Tula Cosmetics as cosmetics containing "probiotics."  However, the Tula Cosmetics do not contain probiotics because a) the microbial derived ingredients assigned the "probiotic" moniker are purchased in a dead state, and b) the preservatives, *i.e.* antimicrobial chemicals, employed in the Tula Cosmetics would render any probiotic cultures inert and therefore useless. *Id.*  Plaintiff asserts four counts against Defendant: Count I (New York General Business Law ("NYGBL") § 349), Count II (NYGBL§ 350), Count III (Breach of Express Warranty), Count IV (Breach of Implied Warranty).

Defendant TULA denies all liability, and states that the labeling of TULA's products does not violate New York General Business Law Sections 349 or 350 (or any other law), or breach any express or implied warranties.  Additionally, as explained below, TULA questions whether this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005. TULA is investigating this and other infirmities in plaintiff's complaint and will seek to brief them as appropriate per this Court's premotion procedures.  Assuming the Court has subject

matter jurisdiction, TULA contends that plaintiff cannot certify any class, among other reasons, because individualized inquiries into each class member's reliance on the alleged false advertising will predominate over any common questions of fact; because plaintiff will be unable to identify putative class members who purchased TULA products at retail stores; and because plaintiff cannot ascertain damages on a class-wide basis for all four claims plaintiff pursues.

## II.     JURISDICTION AND VENUE

Plaintiff is a citizen of New York, residing in Tribes Hill, New York.  Compl. ¶ 8.  Tula Life, Inc. is a Delaware corporation headquartered in New York, New York.

Plaintiff contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action, where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are over 100 members of the putative class, and most members of the proposed class, is a citizen of a state different from Defendant.  Compl. ¶ 10.

TULA is investigating whether this Court has subject matter jurisdiction under CAFA.  Plaintiff is a New York citizen, and TULA (because it is a corporation headquartered in New York) also is a New York citizen.  Therefore, this Court only has subject matter jurisdiction if there are over 100 members of the putative nationwide class, and most members of such putative nationwide class are citizens of a state other than New York.  Here, plaintiff alleges only violations of New York law on behalf of New York citizens for violations of New York General Business Law Sections 349 and 350.  Thus, CAFA does not apply to those claims.  Further, as a matter of law, plaintiff's allegations for breach of express and implied warranties are necessarily limited to purchases made in New York.  TULA therefore questions, among other things, whether most members of the proposed nationwide class can be or are citizens of states other than New York but who purchased TULA products in New York as required to maintain the breach of warranty claims.  TULA's investigation is continuing.

This Court has personal jurisdiction over Defendant because Defendant maintains its corporate headquarters and principal place of business in this judicial district.  *Id.* ¶ 11.

Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because plaintiff contends a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Also, Defendant's principal place of business is located in this District.

## III.    ANTICIPATED MOTIONS

Plaintiff anticipates filing a motion for class certification.  Defendant anticipates filing a motion to dismiss and a motion for summary judgment.

## IV.     DISCOVERY

The parties have not yet served discovery.  The parties engaged in a Rule 26(f) conference on April 16, 2021.  As reflected in the Proposed Order, the parties have agreed to

February 23, 2022, as the close of fact discovery and April 29, 2022 as the close of expert discovery.  Based on the Proposed Order, initial disclosures would be completed no later than 14 days from the date of the Proposed Order with requests for production and interrogatories to be served no later than May 7, 2021.

## V. DAMAGES

Plaintiff seeks compensatory damages, punitive damages, statutory damages, prejudgment interest, attorneys' fees, and costs and expenses.  TULA contends that plaintiff is not entitled to any damages or other remedies by reason of the allegations in her complaint.

## VI. SETTLEMENT DISCUSSIONS

The parties have not yet discussed resolution of this action.

## VII. ADDITIONAL INFORMATION

At this time, the only additional issue that the parties would like to address at the pretrial conference is the scheduling of plaintiff's class certification motion for which there are no deadlines provided in the Court's standard civil case management plan and scheduling order.  TULA suggests that plaintiff should only file its motion for class certification after TULA has had an opportunity to review and respond to any expert reports and factual evidence upon which plaintiff intends to rely in support of her motion for class certification.  Thus, TULA proposes that plaintiff file her motion for class certification after the close of all discovery.

Thank you in advance for Your Honor's consideration of and attention to this submission from the parties.

Respectfully submitted,

  /s/ Philip L. Fraietta                           /s/ Ari N. Rothman  
Philip L. Fraietta                               Ari N. Rothman
*Attorneys for Plaintiff*                        *Attorney for Defendant TULA Life, Inc.*